# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## At Huntington

**JOHN CHARLES FRANK,**

    Plaintiff,

v.                                         Civil Action No. _3:25-cv-00096_

**CITY OF HUNTINGTON, WEST VIRGINIA**, A West Virginia county government;
**HUNTINGTON POLICE CHIEF PHIL WATKINS**, individually and in his official capacity;
**JOHN DOE OFFICER I**, individually and in his official capacity;
**JOHN DOE OFFICER II,** individually and in his official capacity;
**JOHN DOE OFFICERS III-X**, individually and in their official capacities;

    Defendants.

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC §1983, and otherwise. Plaintiff John Charles Frank, for his Complaint against the Defendants, states as follows:

### I.  JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq. This action at law for money damages arises under 42 U.S.C. §§1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

2. This Court has supplemental jurisdiction over Plaintiff's State of West Virginia law claims pursuant to 28 U.S.C. §1367(a) as these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(e) because a substantial part of the events giving rise to the claim occurred in Cabell County, West Virginia, which is located in the Southern District of West Virginia.

## II.     PARTIES

4. Plaintiff, John Charles Frank, was at the times relevant to this Complaint a resident of Cabell County, West Virginia. and subject to the unlawful actions of the Defendants.

5. Defendant City of Huntington, West Virginia ("City") is a political subdivision established by the laws of West Virginia. Pursuant to State of West Virginia law, the City created a police force, the Huntington Police Department ("HPD"). HPD is subject to the authority, control and discipline of its administrative authority, the City of Huntington. The City is a "person" as that term is defined in 42 U.S.C. §1983.

6. Defendant Phil Watkins ("Watkins') is the duly appointed police chief employed by City. He is a "person" within the meaning of 42 U.S.C. §1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

7. Defendant John Doe I is an officer and is employed by City and HPD. He is a "person" within the meaning of 42 U.S.C. §1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

8. Defendant John Doe II is an officer and is employed by City and HPD. He is a "person" within the meaning of 42 U.S.C. §1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

9. Defendant John Doe Officers III-X are officers of City and HPD. They are "persons" within the meaning of 42 U.S.C. §1983 and at all relevant times were acting under color of state law. They are sued in both their individual and official capacities.

### III   FACTS

10. On or about August 23, 2023, at approximately 6:00 PM, Plaintiff was walking on the sidewalk heading East on 1st Street and 7th Avenue in Huntington, Cabell County, West Virginia when he observed a Huntington Police Department (HPD) cruiser pass him and circle back wherein the cruiser parked his vehicle alongside Plaintiff. The HPD officer, Defendant John Doe I, exited his cruiser and approached Plaintiff in a physically aggressive manner. Plaintiff was asked to put his hands behind his back, complied and was immediately handcuffed without even a semblance of resistance.

11. Immediately upon being handcuffed Plaintiff was struck directly in the nose by the Kevlar-gloved fist of Defendant John Doe I, immediately fracturing Plaintiff's nose. Defendant John Doe I then struck Plaintiff in the mouth resulting in Plaintiff losing approximately ten (10) teeth and swallowing eight (8) teeth. Plaintiff continued being struck by Defendant John Doe I while restrained in the back of the HPD cruiser resulting in a broken orbital bone, lacerated lip, and multiple serious and severe facial contusions. During this ferocious beating of Plaintiff, Defendant John Doe I had the audacity and callousness to spit in Plaintiff's face and threaten him with death.

12. During Plaintiff's transport to Cabell Huntington Hospital he was not fastened with a seatbelt and Defendant John Doe I continuously quickly accelerated and decelerated to intentionally inflict more harm on the fully cooperative and restrained Plaintiff by bouncing him off the cage, windows, doors and floor in the back of the cruiser.

13. Upon arrival at Cabell Huntington Hospital, Plaintiff was uncuffed, thrown out of the HPD cruiser whilst still in traffic and was threatened that "he better come up with something good" to tell the medical staff. While holding his face together with his hands, Plaintiff ran to the Cabell Huntington Emergency Room where he informed attending medical staff he was beaten by a HPD officer. Shortly thereafter, Defendant John Doe I entered the Cabell Huntington Emergency Room and informed the attending staff Plaintiff was in some sort of ATV or vehicular accident and Plaintiff pulled a knife on the officer. Defendant John Doe I also informed attending staff Plaintiff was so high on drugs he was unresponsive to a Taser and pulled of its barbs and ran away from the police. Cabell Huntington Hospital refused to treat Plaintiff. None of these events transpired and Defendant John Doe I put forth in motion a cover-up story to protect himself from possible criminal and/or civil liability.

14. Plaintiff was then transferred to HPD Headquarters where he was kicked and beaten by another unknown HPD officer, Defendant John Doe II. Plaintiff spent approximately one and a half (1.5) to three (3) hours at HPD Headquarters being berated, humiliated and further beaten by Defendants John Does I and II until being transported to St. Mary's Hospital where Plaintiff was treated for all of his injuries inflicted on him by Defendants John Does I and II. Defendants John Does I and II continuously and consistently threatened Plaintiff informing him they had family members at Western Regional Jail that would kill him if he said anything about the incidents addressed in this Complaint. Due to the valid and legitimate threats lodged by Defendants John Does I and II, Plaintiff was too afraid for his life and did not inform the staff at St. Mary's Hospital when Defendants John Does I and II were present. Plaintiff was then transported to the Western Regional Jail after receiving numerous stiches, having his nose set, receiving various x-rays, and other medical treatment. It is undisputed St. Mary's

Hospital staff found no burn marks or barb marks from a Taser on Plaintiff's body nor were any injuries consistent with an ATV or automobile accident.

## IV.    ALLEGATIONS

### COUNT I
### CIVIL RIGHTS VIOLATION
### (Excessive Force– 42 U.S.C. §1983)

15.    Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates the same herein and make each a part hereof.

16.    The degree of force actually used against Plaintiff was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established right to be free from excessive force when the person had already surrendered, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

17.    The Defendant officers' actions/inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety and constitutional rights.

18.    The Defendant officers' actions/inactions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

### COUNT II
### CIVIL RIGHTS VIOLATION
### (Failure to Provide Timely Medical Care– 42 U.S.C. §1983)

19.    Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

20. Defendants John Doe I and II committed excessive force against Plaintiff which caused severe physical wounds. However, rather than providing first aid to stop the bleeding and materials to protect the wound and timely transport Plaintiff to a medical facility, Defendants John Doe I and II failed to do so ninety (90) minutes to three (3) hours.

21. Defendants John Doe I and II knew Plaintiff was severely injured based upon his/their own actions, observations, remarks made and Plaintiff's complaints and requests.

22. Despite Plaintiff's severe injuries, Defendants John Doe I and II did not provide or ensure Plaintiff was immediately transported for emergency medical services.

23. Defendants John Doe I and II did not provide medical treatment or timely transport Plaintiff for emergency medical services even though Plaintiff's condition was of such that he required immediate medical treatment and needed to be transported to the hospital.

24. Defendants John Doe I and II did not immediately provide or transport Plaintiff for emergency medical services in order to wantonly and intentionally cause him further unnecessary pain and suffering and emotional distress.

25. Defendants John Doe I's and II's and possibly other John Doe Defendant officers' actions and/or inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety, care and constitutional rights.

26. Defendants John Doe I's and II's and possibly other John Doe Defendant officers' actions and/or inactions were the direct and proximate cause of furtherance of Plaintiff's injuries and constitutional violations of which Plaintiff complains.

## COUNT III
## MUNICIPAL LIABILITY

27.     Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

28.     The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies, or official acts of Defendants City and Watkins; to wit, among other things: Negligently hiring Defendant officers, permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding lawful detention, the proper use of force, and the failure to adequately train, supervise and discipline its police officers regarding the requirement to provide immediate medical assistance to injured arrestees/detainees as well as negligently retaining officers previously accused of excessive force.

29.     Defendants City and Watkins, by these acts and omissions, have exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights and safety which its customs and policies pose.

30.     Defendants City's and Watkins's customs and policies violate the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

31.     The customs, practices and policies of Defendants City and Watkins were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT IV
## WEST VIRGINIA STATE LAW CLAIMS

32. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this complaint, and by this reference incorporates the same herein and make each a part hereof.

33. State law and common law claims and causes of action are asserted by Plaintiff are alleged against all Defendants as follows:

    (a)    Tort of harassment;

    (b)    Tort of unwelcome touching of his/their person, specifically, on occasions the individual Defendants perpetrated the same;

    (c)    Tort of civil battery;

    (d)    Tort of civil assault;

    (e)    Tort of intentional infliction of emotional distress/tort of outrage;

    (f)    Tort of outrageous and atrocious conduct;

    (g)    Tort of invasion of his right to privacy;

    (h)    Tort of civil conspiracy;

    (i)    other statutory and common law causes of action, including but not limited to, common law negligence against all Defendants, if applicable.

34. The above-described actions constitute the following State West Virginia law claims against Defendant City, Defendant Watkins and possibly Defendants John Does III-X:

    A.    Negligent Hiring
    B.    Negligent Retention
    C.    Negligent Supervision
    D.    Negligence
    E.    Civil Conspiracy
    F.    Outrage/Intentional Infliction of Emotional Distress

35. Defendants had duties through State of West Virginia laws – statutory and common laws - breached said duties and were the proximate and direct cause of Plaintiff's damages.

## V. PUNITIVE and EXEMPLARY DAMAGES

36. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

37. The conduct of all Defendants was so egregious, malicious and atrocious that Plaintiff requests and deserves punitive and exemplary damages. These damages are to punished the conduct addressed above and to deter such conduct in the future and relay consequences thereof. To that end, Plaintiff requests these punitive and exemplary damages in a sum which is within the jurisdictional limits of this Court for each Defendant.

## VI. DAMAGES

38. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

39. Defendants' individual and collective actions and/or inactions were a proximate cause of the following injuries suffered by Plaintiff:

    (a)    Actual damages;

    (b)    Punitive and exemplary damages;

    (c)    Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    (d)    Pain, suffering and mental anguish suffered by Plaintiff;

    (e)    Mental anguish and emotional distress suffered by Plaintiff;

    (f)    Loss of quality of life suffered by Plaintiff;

    (g)    Loss of service;

    (h)    Loss of future earnings, benefits and wages;

    (i)    Past, present and future medical and dental care and expenses as well as expenses associated with mental health counseling and/or medications;

  (j)  Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiff and Plaintiff's counsel are entitled to reasonable attorney fees, costs and expenses for preparation and prosecution of this civil matter including for its appeal, if applicable.

  (k)  Pre-judgment and post-judgment interest;

  (l)  Any other damages this Court and/or the jury decide is just and fair.

## VII. COSTS AND ATTORNEY FEES

40. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

41. As stated above, Plaintiff and his counsel are entitled to attorney fees, costs and expenses in prosecuting this civil matter pursuant to 42 U.S.C. §1988(b). As such, Plaintiff respectfully requests the Court award the same.

## VIII. JOINT AND SEVERAL LIABILITY

42. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

43. Plaintiff would show the Defendants were jointly and severally liable for the gross negligence and intentional acts which were the proximate causes of Plaintiff's injuries.

## IX. PRAYER FOR RELIEF

WHEREFORE, based upon the above stated facts, Plaintiff John Charles Frank requests judgment against the Defendants in an amount that will fully and fairly compensate Plaintiff for his injuries including medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress and any other compensatory damages to be proved at trial. Plaintiff further requests reasonable attorney fees and costs, all other

damages provided by law and any other relief this Court deems just and fair. Plaintiff further requests punitive damages against the Defendant officers and individual Defendants.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                                              **JOHN CHARLES FRANK**
                                              **By Counsel**

s/ Kerry A. Nessel_____
Kerry A. Nessel, Esquire, WVSB 7916
THE NESSEL LAW FIRM, P.L.L.C.
418 Ninth Street
Huntington, WV 25701
Office: 304.697.6377
Nessel@comcast.net